IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

NATHANIEL WHITE,

    *Defendant.*

Case No. 21-10056-EFM
Case No.23-1116-EFM

**MEMORANDUM AND ORDER**

Defendant Nathaniel White, having pled guilty to possession of a firearm during a drug trafficking crime[1] and thereafter receiving the statutory minimum sentence of 60 months imprisonment, has moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 75). The Motion to Vacate alleges without specifics that Defendant's "6th amendment right to speedy trial" was violated. Defendant then states he was "intimidated" into pleading guilty by being informed that any dismissal on speedy trial grounds would not prevent the Government from refiling the charges.

The Government has yet to respond to the substance of Defendant's motion (its deadline for doing so is September 11, 2023), but it has filed a Motion to Compel which seeks to require Defendant's trial counsel to state by affidavit various facts surrounding the representation. (Doc.

---

[1] In violation of 28 U.S.C. § 924(c)(1)(A)(i). In exchange for Defendant's plea, the Government dismissed Counts 1 and 2, both of which alleged possession with intent to distribute controlled substances.

79).  The Government asserts in this motion that the Court cannot evaluate Defendant's claims of ineffective assistance, and the Government cannot defend against those claims, unless former counsel discloses the reasons underlying her strategic choices regarding these matters.  The Government acknowledges Defendant's trial counsel has stated she will not provide such an affidavit without an order from the Court.

The Government seems to have forgotten that, in a § 2255 action, the Defendant rather than the Government has the burden of proof regarding the claims.[2]  Such "allegations must be specific and particularized," not general or conclusory allegations.[3]  Further, with respect to claims of ineffective assistance of counsel, "[t]here is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[4]  Thus, if the party bearing the burden of proof fails to carry that burden—in this matter, by failing to provide adequate and admissible evidence regarding the claims—then the motion fails.

Therefore, the Court determines that the Government is seeking evidence which it has no burden to produce.  Accordingly, the Court denies the Government's motion.

---

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001).

[3] *Id.* (citing *Andrews v. Shulsen*, 802 F.2d 1256, 1266 (10h Cir.1986), *cert. denied*, 485 U.S. 919 (1988); *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

[4] *United States v. Hill*, 635 F. App'x 536, 546 (10th Cir. 2015) (citations and internal quotation omitted). *See also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are "merely conclusory in nature and without supporting factual averments").

**IT IS THEREFORE ORDERED** that the United States' Motion to Compel (Doc. 79) is hereby **DENIED.**

**IT IS SO ORDERED**.

Dated this 2nd day of August, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE