## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br><br><br>vs.<br><br><br>NATHANIEL WHITE,<br><br>        *Defendant.* | Case No. 21-CR-10056-EFM<br>Case No. 23-CV-01116-EFM |

## MEMORANDUM AND ORDER

Before the Court is pro se Petitioner Nathaniel White's Motion to Vacate, Set Aside, or Correct Sentence brought under 28 U.S.C. § 2255 (Doc. 75). White seeks relief under 28 U.S.C. § 2255 on three grounds: (1) violation of speedy trial rights; (2) counsel intimidated him into accepting the plea agreement; and (3) counsel compromised his best interests. The Government's Response asserts that White fails to meet his burden to show ineffective assistance of counsel and White's speedy trial claims are barred by the Plea Agreement. The Court denies White's Motion without an evidentiary hearing.

### I.    Factual and Procedural Background

On July 21, 2021, White was indicted on three counts: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) possession

with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and  (b)(1)(B); and (3) possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). White was arraigned on July 28, 2021, and released on bond the same day. A jury trial was scheduled to begin on September 21, 2021. White failed to appear for a bond revocation hearing on August 31, 2021. Subsequently, a warrant was ordered for White's arrest, and the jury trial was canceled. On October 26, 2021, White's arrest warrant was executed and returned.

Counsel for White filed a notice of intent to change plea on January 11, 2022. White entered into a plea agreement on February 22, 2022. White agreed to plead guilty to Count 3 in exchange for a recommendation of 60 months in prison. The Court sentenced White to 60 month's imprisonment on June 2, 2022.

## II.    Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

### III.     Analysis

White seeks to vacate his sentence under 28 U.S.C. § 2255 on three grounds: (1) violation of speedy trial rights; (2) counsel intimidated him into accepting the plea agreement; and (3) counsel compromised his best interests. The second and third grounds fall squarely under ineffective assistance of counsel. However, it is unclear whether the first ground also falls under ineffective assistance of counsel or if it is asserted as an independent basis to challenge the sentence. Liberally construing White's pleadings, the Court will address the first ground both as a claim of ineffective assistance of counsel and as an independent basis.

**A.     Under the Strickland test, White fails to demonstrate ineffective assistance of counsel.**

White seeks to vacate his sentence under § 2255, contending that his counsel was ineffective. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have Assistance of Counsel for his defence."[4] In general, to succeed on a

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] *See id.* at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[4] U.S. Const. amend. VI.

claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[5] Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[6] Failing to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong.[7]

To prevail on the first prong, a petitioner must demonstrate that the omissions of her counsel fell "outside the wide range of professionally competent assistance."[8] This standard is "highly demanding."[9] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[10] Further, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[11]

With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13] This requires the court to focus on "whether counsel's deficient performance

---

[5] 466 U.S. 668, 687–89 (1984).

[6] *Id*. at 687–89.

[7] *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006) (citations omitted).

[8] *Strickland*, 466 U.S. at 690.

[9] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[10] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotations and citations omitted).

[11] *Strickland*, 466 U.S. at 689.

[12] *Id*. at 694.

[13] *Id*.

render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[14] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[15] When ineffective assistance of counsel is alleged to have occurred at the plea stage, the defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."[16]

Here, White alleges that his counsel acted ineffectively when she (1) failed to file a motion to dismiss based on a violation of his speedy trial rights, (2) intimidated him into accepting the plea agreement, and (3) compromised his best interests.

White's first and third claims are essentially the same, as he asserts that his counsel failed to file a motion to dismiss based on a violation of his speedy trial right and that failure compromised his best interests. Thus, they will be analyzed together. A review of the record reveals counsel's conduct does not fall outside of professional competent assistance. White asserts that "[his] individual research has proven that . . . the only appropriate remedy to the violation of ones [sic] speedy trial rights is dismissal with prejudice." This allegation is conclusory, and it does not accurately reflect the law.[17] Additionally, White states that his counsel advised him that his "best route to take would be waiving [his] speedy trial rights" because filing for dismissal could result in a dismissal of the case without prejudice, a re-filing of charges, and the pursuit of

---

[14] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[15] *Strickland*, 466 U.S. at 690.

[16] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[17] *United States v. Neighbors*, 22 F.Supp.3d 1158, 1161 (D. Kan. 2014) (citing *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009)) ("The remedy for a constitutional violation is dismissal with prejudice, while a statutory violation may result in dismissal either with or without prejudice.").

maximum penalties by the Government. Counsel's conduct of advising White does not satisfy the first *Strickland* prong because it is not "completely unreasonable." Instead, counsel's conduct is the opposite of ineffective. Rather, she advises her client of his options and the results that may occur depending on the decided action. Thus, the Court finds White's first and third claims of ineffective assistance fail under the *Strickland* test.

In his remaining claim of ineffective assistance, White alleges his counsel was ineffective because he was intimidated into accepting the plea agreement. The record reveals otherwise. White fails to proffer any evidence of counsel intimidating him into accepting the plea agreement. Instead, White characterizes his counsel's advice that if he did not accept the plea agreement, he could be subject to "inflated penalties and added charges" as a threat. This conduct is simply accurate legal advice, not a threat. Further, White explicitly affirmed under oath that he was not threatened or intimidated into accepting the plea agreement:

> The Court: Finally, Mr. White, the last paragraph in this plea agreement, paragraph 16 at the bottom, which has no caption on it, states that you're entering into this plea agreement and you're pleading guilty because you are guilty, and that you're doing that freely and voluntarily. Is that a correct statement, sir?
>
> The Defendant: Yes, sir.
>
> The Court: Other than the promises made to you in this plea agreement which I've already discussed with you, has anybody made any other promises to you to persuade you to plead guilty?
>
> The Defendant: No, sir.
>
> The Court: Has anybody made any threats against you to make you enter this plea?
>
> The Defendant: No, Sir.
>
> The Court: Has anybody used or tried to use any physical force or violence against you to make you enter this plea?
>
> The Defendant: No, sir.

The record clearly reveals that White was not intimidated into accepting the plea agreement. Thus, White fails to show that his counsel was ineffective by intimidating him into accepting the plea agreement under the first prong of *Strickland*. Therefore, White's second claim of ineffective assistance fails under the *Strickland* test. As a result, the Court denies White's Motion as to the claims of ineffective assistance of counsel.

**B.     White fails to establish an independent basis for challenging his sentence because he waived his right to raise a speedy trial violation claim.**

To the extent that White asserts a speedy trial violation as an independent basis to vacate his sentence, he explicitly and formally waived any such claims. When a waiver contained within a plea agreement is knowing and voluntary, and no miscarriage of justice exists, a defendant is bound to the terms of the waiver.[18] The court looks at two factors to determine whether a waiver is knowing and voluntary: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily"[19] and (2) "for an adequate Federal Rule of Criminal Procedure 11 colloquy."[20] A miscarriage of justice exists where "the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful."[21]

Here, White alleges that he never waived his speedy trial rights. However, a review of the record reveals that White explicitly and formally waived the right to raise his present challenge. Paragraph 3 of the Plea Agreement states "the defendant waives all claims based on the Speedy

---

[18] *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

[19] *Id*. (citing *United States v. Elliot*, 264 F.3d 1171, 1174 n. 1 (10th Cir. 2001)).

[20] *Id*. (citations omitted).

[21] *Elliot*, 264 F.3d at 1173 (citing *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001)).

Trial Act and speedy trial provisions of the Sixth Amendment to the Constitution." Additionally,

Paragraph 11 of the Plea Agreement provides:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule l l(c)(l)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001 )), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule l l(c)(l)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(6), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

By careful inquiry and examination, the Court also determined that White knew his rights, and knowingly and voluntarily waived them. The Court explained to White his speedy rights, what may happen if he chose to file a dismissal instead of accepting the plea agreement, and that by accepting the plea agreement he would be waiving his right to pursue claims based on a speedy trial violation. White affirmed that he understood the Court's explanations at the change of plea hearing. Thus, the record clearly reveals White explicitly and formally waived his right to pursue claims based on a speedy trial violation.

Further, no miscarriage of justice exists because the district court did not rely upon an impermissible factor, the sentence does not exceed the statutory maximum, there has been no

showing of ineffective assistance of counsel in the completion of the waiver as discussed above, and the waiver is not otherwise unlawful. Therefore, the Court denies White's Motion as to the claims of a speedy trial violation.

An evidentiary hearing is not necessary on White's Motion because his allegations are not supported by the record. White does not provide the Court with a basis for vacating his sentence. Accordingly, White's Motion is without merit and is denied.

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[22] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[23] For the reasons explained above, White has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner Nathaniel White's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 75) is **DENIED**.

---

[22] 28 U.S.C. § 2255(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit district judge issues a COA. 28 U.S.C. § 2255(c)(1).

[23] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10 Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS SO ORDERED.**

Dated this 6th day of December, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE